**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOSEPH BLACK,

                Plaintiff,                    Case Number: 08-13425

v.                                              JUDGE PAUL D. BORMAN
                                                      UNITED STATES DISTRICT COURT

LEAR CORPORATION,

                Defendant.
_____ /

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Before the Court is Plaintiff Joseph Black's motion to remand to state court, filed September 8, 2008. (Doc. No. 3). Defendant Lear Corporation responded on September 9, 2008. (Doc. No. 6). This Court held a motion hearing on October 22, 2008. For the reasons discussed below this Court GRANTS Plaintiff's motion.

**I. BACKGROUND**

This wrongful discharge and employment discrimination case arises from Defendant Lear Corporation's ("Defendant") firing of Plaintiff Joseph Black ("Plaintiff") in May 2006. On November 8, 2007, Plaintiff sued Defendant in Wayne County Circuit Court, alleging: breach of implied employment contract, discharge in violation of public policy and age discrimination in violation of Michigan's Elliot-Larsen Civil Rights Act ("Elliot-Larsen"), Mich. Comp. Laws Ann. §§ 37.2101 *et seq.* (Complaint). Plaintiff seeks compensatory damages, exemplary damages, lost wages, the value of past and future fringe benefits and medical benefits. (*Id.*)

1

On July 24, 2008, Defendant deposed Plaintiff. (Def.'s Br. 1). During the deposition Defendant asked Plaintiff whether he claimed that Defendant terminated him to avoid paying him higher pension benefits. (Black Dep. 94-95). Plaintiff answered: "Seems reasonable, yes, to assume that. I don't know why Lear terminated me. I worked 35 years for the company." (*Id.* at 95). When Defendant asked Plaintiff a second time whether he claimed that he was fired to prevent him from earning higher pension benefits, Plaintiff responded, "That's right." (*Id.* at 98). Defendant followed up by asking Plaintiff if he knew of any facts that support his claim. (*Id.*) Plaintiff answered, "The only fact I know is that I'm not working there anymore." Defendant pressed Plaintiff for other facts and Plaintiff said, "And I won't accrue those benefits."

Five days later, on July 29, 2008, Plaintiff responded to Defendant's request for admissions. (Def.'s Br. Ex. B). The second request asked Plaintiff to admit whether he alleges that Defendant intentionally terminated his employment with the purpose to deprive him of benefits under the Lear Corporation Pension Plan. (*Id.*) Plaintiff responded: "Denied, such may or may not have been the sole basis. The Complaint alleges multiple basis [sic] for Plaintiff's termination." (*Id.*)

On August 7, 2008, Defendant removed Plaintiff's complaint to federal court pursuant to 28 U.S.C. § 1141(a), premised on the fact that Plaintiff's deposition testimony and admission disclosed, for the first time, Plaintiff's claim under § 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140 for deprivation of pension benefits.

In the instant motion, Plaintiff seeks to have the case remanded to state court, arguing that he has not invoked federal law or its protection. (Pl.'s Br. 4). Consequently, Plaintiff argues, this Court does not have jurisdiction. (*Id.* at 5). Defendant responds that this Court has

2

jurisdiction because Plaintiff's claim for interference with his right to pension benefits arises under federal law. (Def.'s Br. 3).

## III. ANALYSIS

### A. Standard for Removal

Federal courts have jurisdiction to hear cases: (1) "arising under the Constitution, laws, or treaties of the United States" or (2) based on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. A case may be removed from state court to federal court if the case could originally have been brought in federal court. 28 U.S.C. § 1441(a). A defendant may remove a case within thirty days of receipt of the complaint if the case is removable on the face of the complaint. See 28 U.S.C. § 1446(b). If the case is not removable on the face of the complaint, the defendant may remove the case up to thirty days after it receives "a copy of an amended pleading, motion, order or other paper" establishing that the case is removable. *Id.*

To further significant interests of comity and federalism, a federal court must strictly construe § 1446(b), and resolve any ambiguity concerning the scope of removal under § 1446(b) in favor of remand to the state courts. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). Removing defendants bear the burden of establishing federal subject matter jurisdiction. *Ahearn v. Charter Twp.*, 100 F.3d 451, 453-54 (6th Cir. 1996). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. Discussion

Plaintiff argues that a remand is necessary because Defendant has not proven that the Court has subject matter jurisdiction. Defendant contends that this Court has subject matter

jurisdiction because Plaintiff raised a federal law claim at his deposition and in his response to Defendant's request for admissions. Plaintiff denies asserting a claim under federal law.

Pursuant to 28 U.S.C. § 1441, a defendant may remove an action when the federal district court has "original jurisdiction founded on a claim or right arising under" federal law. Normally, the court only looks at the face of the complaint to determine whether a federal question exists. *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001). However, an exception to the "well-pleaded complaint" rule applies "[w]here Congress so completely preempts a particular area of law, the lawsuit arising under state law becomes federal in character." *Id.* (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)).

In *Metropolitan Life Insurance*, the United States Supreme Court held that ERISA preempts state common law claims when the action is to recover benefits, enforce rights, or clarify future benefits under an ERISA plan. 481 U.S. at 63-64. In accordance with *Metropolitan Life Insurance*, the Sixth Circuit held in *Peters v. Lincoln Electric Company,* 285 F.3d 456, 467 (2002), that ERISA completely preempted the plaintiff's state law breach of promise claim because the plaintiff asserted that the defendant breached a promise to continue his participation in an ERISA regulated benefit plan. In *Peters*, the plaintiff filed a complaint against his former employer alleging age discrimination, breach of contract, detrimental reliance and breach of public policy. *Id.* at 464. During the plaintiff's deposition, the defendant asked the plaintiff a series of questions designed to uncover the specific "unbroken promises" for which the plaintiff sought relief. *Id.* The plaintiff testified that one of the promises he sued to enforce was the defendant's promise to continue his participation in its supplemental executive pension plan. *Id.* at 466.

4

The district court denied the plaintiff's motion to remand the lawsuit to state court, and the Sixth Circuit affirmed, explaining:

> The purpose of § 502(a) is to provide beneficiaries with a cause of action to enforce their ERISA contracts. . . . The District Court reasoned that Peters' deposition testimony established that [he] was "seeking to clarify his rights to future benefits" under the SERP, and, therefore, his "breach of promise" claim was completely preempted under ERISA. We agree. Peters' claim is that he should be a participant in the plan but that the company denied him continued participation. His claim, thus, is one "to enforce his rights under the plan or to clarify his rights to future benefits under the terms of the plan."

*Id.* at 468. The Sixth Circuit noted that in a wrongful discharge claim where a plaintiff's incidental damages award includes a loss of benefits under an ERISA plan, the state claim is not preempted. *Id.* at 469.

Both the Sixth Circuit and courts in the Eastern District of Michigan have held that a plaintiff's state sex, age and race employment discrimination claims are not preempted when the action is merely peripherally related to the ERISA plan in question. *See Wright,* 262 F.3d at 613 ("'[e]ven if an action refers to a plan, . . . the action will not relate to the plan for preemption purposes when the action only peripherally affects the plan." (quoting *Crabbs v. Copperweld Tubing Products Company,* 114 F.3d 85 (6th Cir. 1997)); *Yageman v. Vista Maria, Sisters of the Good Shepherd,* 767 F.Supp. 144, 145 (E.D. Mich. 1991) (Duggan, J.) (holding that plaintiff's loss of pension benefits was a mere consequence of, and not a motivating factor behind, his termination and, therefore, no ERISA action existed); *Sears v. Chrysler Corp.*, 884 F.Supp. 1125, 1131-32 (E.D. Mich. 1995) (Rosen, J.) (holding that a former employee, who sought to recover the value of the benefits she would have received under the ERISA plan, is not a plan participant and cannot state a § 1132(a)(1)(B) ERISA claim); *Morningstar v. Meijer, Inc.*, 662 F.Supp. 555, 556-57 (E.D. Mich. 1987) (Churchill, J.) (concluding that the plaintiff's state law

claim for breach of employment contract was not preempted when the plaintiff was not a plan participant, did not allege that the defendant fired her to prevent her benefits from vesting, to keep her from exercising rights under the plan or for any other improper purpose, and only sought to recover the value of the benefits). Thus, in instances where a plaintiff is not a plan participant and is not alleging a wrongful withholding of benefits but seeks damages for the loss of ERISA benefits, an ERISA cause of action does not exist, and removal is improper.

In the case at bar, Plaintiff is no longer a participant in Defendant's ERISA plan and he does not allege a wrongful withholding of benefits. *See Sears*, 884 F.Supp. at 1131-32. Moreover, unlike in *Peters*, Plaintiff does not claim that Defendant promised him continued participation in an ERISA plan. 285 F.3d at 468. Plaintiff stated at his deposition that he thought that Defendant was at least partially motivated to fire him in order to avoid paying him higher pension benefits, which he would have accrued had he continued to work for Defendant. (Black's Dep. 95, 98). However, Plaintiff's statement does not automatically give rise to ERISA preemption. Plaintiff's wrongful discharge and age discrimination claims may give rise to an award of damages based on the value of the increased pension benefits Plaintiff would have received if he was not terminated, but he is only seeking the value of the employment he lost, not the benefits themselves. *See Morningstar*, 662 F.Supp. at 557. The gravamen of Plaintiff's complaint is his claim that he was discharged in violation of his employment contract, against public policy and as a result of age discrimination. Plaintiff assures the Court that he is not asserting a purposeful deprivation of benefits claim. (Plaintiff's Br. 4). Because the essence of Plaintiff's state law claims are not for the recovery of an ERISA plan benefit, and Plaintiff only seeks to recovery the value of the benefits he lost as a consequence of his termination, there is no

ERISA cause of action. Defendant, therefore, has failed to show that subject matter jurisdiction lies with this Court, and this matter must be remanded to the Wayne County Circuit Court.

## III. CONCLUSION

For the reasons discussed above, this Court GRANTS Plaintiff's motion to remand.

SO ORDERED.

        s/Paul D. Borman  
        PAUL D. BORMAN  
        UNITED STATES DISTRICT JUDGE

Dated: October 28, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 28, 2008.

        s/Denise Goodine  
        Case Manager